IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JEREMY G. PERROTT, )
)
        Plaintiff, )
)
v. ) Civil Action No. 3:19cv511–HEH
)
PATRICK COFFEE, *et al.*, )
)
        Defendants. )

## MEMORANDUM OPINION
(Granting Defendants' Motion to Dismiss)

This matter is currently before the Court on Patrick Coffee's, Lindsay Rittenhouse's[1], and Adweek, LLC's ("Defendants") Motion to Dismiss, filed on October 24, 2019 (ECF No. 13). Jeremy Perrott ("Plaintiff") filed this suit on July 12, 2019 (Compl., ECF No. 1), and Defendants now seek to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2).[2] The parties fully briefed the issues, and the Court heard oral argument on the issue of personal jurisdiction on December 12, 2019. For the reasons that follow, the Court will grant Defendants' Motion to Dismiss.

---

[1] Plaintiff indicates in a footnote in its Memorandum in Opposition to Defendants' Motion to Dismiss (ECF No. 20) that it intends to dismiss its claims against Defendant Rittenhouse without prejudice. Because Plaintiff has not yet done so, references to "Defendants" in this Memorandum Opinion will still include Defendant Rittenhouse.

[2] Defendants also assert defenses pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6). Although it is not the focus of this Memorandum Opinion, the Court will still address Defendants' defense under (12)(b)(3), *see infra* note 8. Because the Court finds it may not exercise personal jurisdiction over Defendants pursuant to Fed. R. Civ. P. 12(b)(2), it will not address Defendants' assertions under 12(b)(6). Accordingly, Defendants' 12(b)(6) defense has not been waived and remains preserved.

Pursuant to Federal Rule of Civil Procedure 12(b)(2), this Court draws "all reasonable inferences arising from the proof, and resolve[s] all factual disputes, in the plaintiff's favor." *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993). Viewed through this lens, the facts are as follows.

Jeremy Perrott is a "citizen of the United Kingdom, and a resident of Hong Kong and Australia." (Compl. ¶ 5.) He served as the Global Chief Creative Officer ("CCO") for McCann Health from 2008 to 2018. (*Id.* ¶¶ 5, 17.) Defendant Adweek is a Delaware limited liability company with its principal place of business in New York. (Compl. ¶ 9; Defs.' Mem. Supp. 2, ECF No. 14.) "It publishes the trade publication *Adweek*, which covers the advertising industry." (Defs.' Mem. Supp. 2.) Defendant Patrick Coffee is a resident of New York, who is employed at Adweek as a "blogger, writer, and senior editor." (Defs.' Mem. Supp. 2; Compl. ¶ 6.) Defendant Lindsay Rittenhouse is a resident of New Jersey and is now employed by Adage, but was a "blogger and writer for Adweek" in New York at the time of the events alleged by Plaintiff. (Defs.' Mem. Supp. 3; Compl. ¶ 7.) Plaintiff alleges jurisdiction pursuant to Virginia's long-arm statute, specifically, Va. Code §§ 8.01-328.1(A)(3) and (A)(4), as well as the Due Process Clause of the United States Constitution.[3] (Pl.'s Mem. Opp. 3, 12.)

---

[3] In Plaintiff's Complaint, Plaintiff asserts that Defendants are "subject to personal jurisdiction in Virginia pursuant to Virginia's long-arm statute, § 8.01-328.1(A)(1), (A)(3) and (A)(4) and § 8.01-328.1(B) of the Code, as well as the Due Process Clause of the United States Constitution." (Compl. ¶ 11.) However, Plaintiff's Memorandum specifies only § 8.01-328.1(A)(3) as the grounds for this Court's exercise of personal jurisdiction. (Pl.'s Mem. Opp. 12.) Plaintiff's Memorandum then appears to conflate §§ 8.01-328.1(A)(3) and (A)(4). (*Id.* at 11–14.) Because Plaintiff must prove a *prima facie* case of personal jurisdiction in order to survive Defendants' Motion to Dismiss, the Court will address only Plaintiff's assertions pursuant to §§ 8.01-328.1(A)(3), (A)(4), and the Due Process Clause as the remaining Code

On June 12, 2018, Plaintiff was fired from his position with McCann Health. (Compl. ¶ 17.) Following his termination, Defendant Adweek published an article (the "First Article") reporting that, among other things, Plaintiff was "no longer with the company" and that he had been fired for "unspecified behavioral violations." (Defs.' Mem. Supp. 4.) Defendant Coffee wrote the First Article in New York. (*Id.*) Later that day, he and Defendant Adweek each tweeted links to the article from New York. (*Id.* at 4–5.)

Plaintiff subsequently initiated a lawsuit against his former employer's parent companies, asserting claims relating to his firing. (*Id.* at 5.) Defendant Adweek reported on this lawsuit, employing Defendants Coffee and Rittenhouse to write another article (the "Second Article"). (*Id.*) Defendant Coffee attempted to contact Plaintiff's counsel for a comment but was unsuccessful. (*Id.*) Defendant Rittenhouse tweeted a link to the Second Article once it was published. (*Id.*) As was the case for the First Article, neither the publication nor the tweet was completed in Virginia. (*Id.*) In response to the articles and tweets, Plaintiff brings this action against Defendants, asserting claims for defamation *per se* and gross negligence. Defendants now seek to dismiss Plaintiff's Complaint.

A motion made pursuant to Federal Rule of Civil Procedure 12(b)(2) challenges the court's exercise of personal jurisdiction over a defendant. "When a court's personal jurisdiction is properly challenged . . . the jurisdictional question thereby raised is one for

---

provisions cited by Plaintiff amount to mere, bald assertions of personal jurisdiction without support.

the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." *Mylan Labs., Inc.*, 2 F.3d at 60 (citations omitted). "If the existence of jurisdiction turns on disputed factual questions the court may resolve the challenge on the basis of a separate evidentiary hearing." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). When, as here, the court is asked to decide personal jurisdiction without an evidentiary hearing, it may do so based solely on the motion papers, supporting legal memoranda and the relevant allegations of the complaint. *Mylan Labs.*, 2 F.3d at 60. If the court proceeds in this fashion, "the plaintiff need prove only a *prima facie* case of personal jurisdiction," with the court drawing "all reasonable inferences arising from the proof, and resolv[ing] all factual disputes, in the plaintiff's favor."[4] *Id.* (internal citations omitted).

If Plaintiff makes the requisite showing, Defendant then bears the burden of presenting a "compelling case" that, for other reasons, the exercise of jurisdiction would be so unfair as to violate Due Process. *Burger King v. Rudzewicz*, 471 U.S. 462, 477–78 (1985).[5] Thus, "for a district court to assert personal jurisdiction over a nonresident

---

[4] "If a plaintiff makes a *prima facie* showing, this does not settle the issue, as the plaintiff must eventually prove by a preponderance of the evidence that the assertion of personal jurisdiction over the defendant is proper either at the trial or at an evidentiary hearing." *Jones v. Boto Co.*, 498 F. Supp. 2d 822, 825 n.5 (E.D. Va. 2007) (citing *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 n.5 (4th Cir. 2005)).

[5] In the context of due process analysis, courts have distinguished between the exercise of general and specific jurisdiction. *See ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 624 (4th Cir. 1997). Here, Plaintiff first asserts that Defendants are subject to general personal jurisdiction because they are at home in the forum. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (finding continuous and systematic affiliations with a state sufficient to render a defendant at home in the forum state). However, Defendant Adweek is not headquartered nor organized in Virginia, has no operations in Virginia, and has never had an

defendant, two conditions must be satisfied: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs.*, 334 F.3d 390, 396 (4th Cir. 2003).

The Supreme Court of Virginia has interpreted Virginia's long-arm statute, Va. Code § 8.01-328.1(A), to confer jurisdiction "over nonresidents who engage in some purposeful activity in Virginia, to the extent permissible under the Due Process Clause of the Constitution of the United States." *Nan Ya Plastics Corp. U.S.A. v. DeSantis*, 377 S.E.2d 388, 391 (Va. 1989). Thus, according to the United States Court of Appeals for the Fourth Circuit, the statutory and constitutional inquiries merge, and the reviewing court is not required "to go through the normal two-step formula for determining the existence of personal jurisdiction." *Owens-Illinois, Inc. v. Rapid Am. Corp. (In re Celotex Corp.)*, 124 F.3d 619, 627–28 (4th Cir. 1997).[6]

---

office in Virginia, rented nor owned property in Virginia, had an employee in Virginia, had a bank account in Virginia, nor paid taxes in Virginia. (Defs.' Mem. Supp. 8.) Similarly, Defendants Coffee and Rittenhouse have never had any meaningful contact with Virginia. (*Id.* at 7.) These alleged contacts—without more—are insufficient to justify this Court's exercise of general personal jurisdiction over Defendants. Plaintiff primarily asserts that Defendants' alleged contacts with the Commonwealth form the basis for the suit; thus, this Court will consider whether Defendants' alleged contacts establish specific jurisdiction. *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs.*, 334 F.3d 390, 397 (4th Cir. 2003).

[6] Sections 8.01-328.1(A)(3) and (A)(4) appear to be the principal grounds alleged by Plaintiff in his Memorandum. (Pl.'s Mem. Opp. 11–14.) Under § 8.01-328.1(A)(3), the Court must determine whether Plaintiff has made a *prima facie* case that his claims arise out of each Defendant's "[c]ausing tortious injury *by an act or omission in this Commonwealth*." § 8.01-328.1(A)(3) (emphasis added). Plaintiff's filings are conspicuously devoid of any facts alleging that Defendants were ever present in Virginia. Instead, Plaintiff simply ignores this requirement of § 8.01-328.1(A)(3), claiming Defendants' publication and posting to the internet—accessible to Virginia readers—is sufficient under this Virginia Code section. Any suggestion that

Under the Due Process Clause, a court may exercise personal jurisdiction over a nonresident defendant only if the defendant has "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). When determining specific personal jurisdiction, the Fourth Circuit "consider[s] (1) the extent to which the defendant 'purposefully avail[ed]' itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *ALS Scan, Inc. v Digital Service Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002). With regard to electronic activities and contacts, the Fourth Circuit's test has been synthesized, and the Court should ask whether "(1) each defendant 'manifested an intent to direct [its internet activity]' to a 'Virginia audience,' such that the defendant 'should reasonably anticipate being haled into court' in Virginia; and (2) whether each defendant's activity 'creates, in a person within the State,

---

Defendants are subject to personal jurisdiction by virtue of § 8.01-328.1(A)(3), therefore, fails because § 8.01-328.1(A)(3) requires Plaintiff to "establish [that] the tortious conduct occurred *while Defendant was in Virginia.*" *Cent. Va. Aviation, Inc. v. N. Am. Flight Servs.*, 23 F. Supp. 3d 625, 629 (E.D. Va. 2014) (Hudson, J.) (emphasis added).

Plaintiff's jurisdictional allegations fair no better under § 8.01-328.1(A)(4), which requires a tortious injury in Virginia as well as a particular relationship with the Commonwealth. Plaintiff argues that "there is clearly a relationship or affiliation between the forum—Virginia—and the underlying controversy." (Pl.'s Mem. Opp. 11.) To support this allegation, Plaintiff, again, points to the internet publications accessible to Virginia readers, and Defendant Adweek's contract with a Virginia cloud-based server, Amazon Web Services ("AWS"). (*Id.*) However, even if these contacts did create a sufficient relationship with the Commonwealth under § 8.01-328.1(A)(4), Plaintiff has suffered no injury in Virginia. Therefore, Plaintiff also fails to establish a *prima facie* case for personal jurisdiction pursuant to § 8.01-328.1(A)(4) because Defendants do not have the required relationship with the Commonwealth.

a potential cause of action' under Virginia law." *Gilmore v. Jones*, 370 F. Supp. 3d 630, 653–54 (W.D. Va. 2019) (collecting cases from the Fourth Circuit).

In this case, Defendants' contacts with Virginia are sparse, and Plaintiff fails to provide any evidence that Defendants specifically directed the publication of the articles or tweets to a Virginia audience. Although 2% of Defendant Adweek's total subscribers and 1.2% of its paid subscribers are located in Virginia, this subscribership is "random, fortuitous, and attenuated" given that Defendant Adweek caters to a "nationwide marketplace of consumers." *FireClean, LLC v. Tuohy*, Case No. 1:16-cv-0294, 2016 U.S. Dist. LEXIS 96294, at *20–21 (E.D. Va. July 21, 2016) ("Contacts of that kind do not indicate purposeful targeting of a Virginia audience."). The *Gilmore* Court reiterated this point, stating that

> The fact that a defendant's website can "be accessed anywhere, including Virginia, does not by itself demonstrate that the [defendant was] intentionally directing [its internet activity] to a Virginia audience." "Something more than posting and accessibility is needed"—the "general thrust and content" of the online publications must "manifest an intent to target and focus on Virginia readers."

370 F. Supp. 3d at 653 (internal citations omitted) (quoting *Young v. New Haven Advocate*, 315 F.3d 256, 263 (4th Cir. 2002)). Furthermore, because Defendant Adweek's publications fail to purposefully target a Virginia audience, it is plain that Defendants Coffee's and Rittenhouse's tweets and contributions to these publications also fail to demonstrate such purposeful targeting. Thus, Plaintiff can point to no

behavior of Defendants that manifests the intent required, and the fact that the Martin Agency is located in Richmond, Virginia is insufficient to suggest as much.[7]

Consequently, the Court finds that Defendants did not have minimum contacts with Virginia because they did not manifest an intent to direct their articles and tweets to a Virginia audience. *See id.* Since Plaintiff fails to satisfy the first and second prongs of the *Gilmore* personal jurisdiction analysis, the Court need not reach the final step of the inquiry. Therefore, the Court concludes that Defendants' contacts with Virginia do not justify a Virginia federal court's exercise of specific personal jurisdiction over Defendants, to find otherwise would violate the Due Process Clause.

Having found insufficient grounds for jurisdiction under the Due Process Clause, the Court holds that Plaintiff fails to make a *prima facie* case that personal jurisdiction attaches. *Mylan Labs., Inc.*, 2 F.3d at 60. Accordingly, Defendants' Motion to Dismiss is granted.[8]

---

[7] Plaintiff appears to allege that the AWS server constitutes a contact with Virginia, in addition to his earlier assertion that the server is evidence that Defendant Adweek is at home in Virginia. (Pl.'s Mem. Opp. 12.) However, the Fourth Circuit has "described as 'de minimis' the level of contact created by the connection between an out-of-state defendant and a web server located within a forum." *Carefirst of Md., Inc.*, 334 F.3d at 393. Thus, any suggestion that this contact should be considered to justify the exercise of specific personal jurisdiction fails as well.

[8] Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(3) also provides sufficient grounds for the Court to dismiss Plaintiff's Complaint. "On a motion to dismiss under Rule 12(b)(3), the court is permitted to consider evidence outside the pleadings." *Potenciano Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 365–66 (4th Cir. 2012) (citing *Sucampo Pharm., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006)). To survive a motion to dismiss for improper venue, a plaintiff must make a *prima facie* showing of proper venue. *Id.* (citing *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004)). In resolving disputes over venue, a court must view the facts in the light most favorable to the plaintiff. *Id.* (citing *Global Seafood, Inc. v. Bantry Bay Mussels, Ltd.*, 659 F.3d 221, 224 (2d Cir. 2011). The federal venue statute dictates that a party may bring a civil action in a judicial district in which any defendant resides if all defendants are residents of the same state or in a judicial district in which a substantial part

An appropriate Order will accompany this Memorandum Opinion.

/s/ 
Henry E. Hudson
Senior United States District Judge

Date: Dec. 16, 2019
Richmond, Virginia

---

of events giving rise to the claim occurred. 28 U.S.C. §§ 1391(b)(1), (2). The parties' filings tend to show that Defendant Adweek is a Delaware limited liability company with its principal place of business in New York. In addition, the filings represent that Defendant Coffee is a resident of New York, and Defendant Rittenhouse is a resident of New Jersey. Furthermore, they make clear that the events giving rise to the claim occurred in New York. As a result, the Court finds that Plaintiff fails to plead facts sufficient to demonstrate that venue is proper in the Eastern District of Virginia because Defendants do not reside in this District and none of the events that give rise to Plaintiff's claims are alleged to have occurred here.